UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LARRY BERNARD SMITH, JR.,<br><br>    Defendant. | Case No. 15-cr-40074-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 46). He also seeks appointment of counsel to assist him in this endeavor (Doc. 45).

In January 2016, the defendant pled guilty to one count of distribution of cocaine and one count of possessing a firearm as a felon. In May 2016, the Court sentenced the defendant to serve 151 months on the cocaine charge and 120 months on the gun charge to run consecutively, for a total sentence of 271 months. There was no crack cocaine involved in his offenses, and the Court did not consider any crack cocaine when it sentenced him.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

[1] Section 404 of the First Step Act provides in full:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act. *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).

---

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

The Court turns to the specifics of the defendant's case.  The defendant's convictions are not the type of convictions covered by § 404 of the First Step Act.  While he committed the federal offenses before August 3, 2010, the Fair Sentencing Act did not modify the applicable statutory sentencing range for the defendant's crimes.  On the contrary, it only changed the statutory penalty range for certain crack cocaine offenses, Fair Sentencing Act, § 2(a) (codified at 21 U.S.C. § 841(b)(1)(A)(iii) & (b)(1)(B)(iii)), and the defendant was not convicted of any crack cocaine offense.  For this reason, the First Step Act does not authorize a reduction in the defendant's sentence.  Appointment of counsel to pursue such a reduction is not warranted.

Accordingly, the Court **DENIES** the defendant's motion for a sentence reduction pursuant to the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 46) and **DENIES** the defendant's motion for appointment of counsel to assist him in pursuing such a reduction (Doc. 45).

**IT IS SO ORDERED.**
**DATED:   September 16, 2020**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**