UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 15-cr-40074-JPG |
| LARRY BERNARD SMITH, JR., | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Larry Bernard Smith, Jr.'s motion for recruitment of counsel to help him pursue a motion under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (Doc. 48). It is unclear under which part of the First Step Act the defendant seeks to file a motion. The Court has already denied his motion for a sentence reduction under § 404 of the act, which essentially retroactively applies the new crack cocaine statutory sentencing ranges of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010) (Doc. 47). The Court denied the motion because Smith was not convicted of a crack cocaine crime, the only kind of crime for which the statutory range was changed by the Fair Sentencing Act.

Instead of asking for First Step Act relief, Smith seeks to challenge the use of a prior conviction to support his career offender status at his sentencing. He believes that after *Johnson v. United States*, 576 U.S. 591 (2015),[1] and its progeny, his prior state convictions for unlawful delivery of and possession with intent to distribute a controlled substance no longer qualify as

---

[1] *Johnson* holds that the imposition of an enhanced sentence under the residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), violates due process because the clause is too vague to provide adequate notice of potential punishment. *Johnson*, 576 U.S. at 597.

prior controlled substance offense for career offender purposes under the United States Sentencing Guidelines.  This kind of relief is only available, if at all, on direct appeal or through a motion under 28 U.S.C. § 2255, not the First Step Act.  It is too late for a direct appeal, so § 2255 would be the only possible option.

Whether to appoint an attorney to represent an indigent § 2255 petitioner is within the sound discretion of the district court.  *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997).  There is absolutely no right to appointment of counsel in a § 2255 case unless the absence of counsel would result in fundamental unfairness impinging on due process rights, *id.* (citing *La Clair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28.").  Counsel is required to be appointed only "'if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'"  *Winsett*, 130 F.3d at 281 (quoting *Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997)).  The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district.  Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a 12-month period.  SDIL-LR 83.1(i).

Since Smith has not filed a § 2255 motion, the Court cannot adequately evaluate whether justice requires appointment of counsel.  Even assuming Smith would articulate the argument he offers in his current motion for counsel, that argument would have no merit in light of *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), which holds that the void for vagueness doctrine does

not apply to the *advisory* sentencing guidelines. *Compare Cross v. United States*, 892 F.3d 288, 306 (7th Cir. 2018) (doctrine can apply to career offender status under *mandatory* guidelines before *Booker* made the guidelines advisory in 2005). Smith was sentenced under the advisory guidelines and within the statutory sentencing range, so there is no reasonable chance he could prevail on a vagueness challenge to his career offender status.

Additionally, in light of the one-year limitations period for filing a § 2255 motion, it appears any motion Smith files now would be well beyond the deadline; his sentence became final in 2016 after he declined to appeal his sentence, and to the extent *Johnson* might have extended that deadline, it would only have extended it for a year after that decision. *Cross*, 892 F.3d at 294 (nothing that challenge based on *Johnson* must be filed within one year of that decision). Smith wants to file his motion in 2022, years too late.

In light of the fact that Smith's proposed § 2255 motion has no reasonable chance of success, appointment of counsel is not warranted. The absence of counsel would not result in a fundamental unfairness impinging on Smith's due process rights. Accordingly, the Court **DENIES** Smith's motion for appointment of counsel (Doc. 48) **without prejudice** to another motion should he ever file a § 2255 for which justice requires counsel.

**IT IS SO ORDERED.**
**DATED:  June 1, 2022**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**